Cheves, J.
delivered the opinion of the Court.
The book of the teller, kept in his own handwriting, was the very best evidence which could possibly have been adduced, to charge him, as well as the defendant, who, as his surety, had engaged to be accountable for his acts. It is, at least, equivalent to a receipt of the same date, *407 acknowledging that he had received so much Tnoney, which he was to apply in the course of his duty, and to account for. It is, indeed, much better evidence than a receipt, because it is morp certainly accurate. It is made up and examined daily. It has a reference to the preceding day’s account, and to the leading transactions of the day, and the face of it would show the error, if any existed. It is then not only an acknowledgment of the receipt of so much money by Webb, but a proof beyond that, acknowledgment that he had so much money. If he had not, it could only happen by deceptions arts on his part since the last quarterly day .of counting, on which day he must have exhibited to the committee of directors-the sum which this book on that day exhibits, in the species of bills and money which it states. It is in. my mind impossible to imagine proof more satisfactory. It was urged in argument, that the deficiency might have happened before the defendant became the surety of Webb: but this was sfully answered by saying that, as just mentioned, he must, not more than three months before that time, when the . committee of directors counted his cash, have exhibited to them all the money which the state of his account called for, and beyond this they could not, and were not bc^und to, carry their vigilance. If his receipt for so much money delivered by the cashier on that day had *408 been produced, the bank would certainly have been entitled to a verdict for any sum within that amount, (not exceeding the penalty of the " bond,) unless the defendant discharged himself Because they did not claim the whole, it certainly would not have followed that they were entitled to no part of it, unless they proved over again, to the extent of the sum which they claimed, what they had proved before. I think, if the nature of the subject be considered, it will cleariy appear, further proof could not possibly have been produced. The subject matter was an account, consisting of debits and credits. The plaintiff was bound to prove the debits and the defendant the credits, except so far as they were admitted. Now in this case the debits consisted of the very items which were proved by the teller’s book, and no change of circumstances in which they can be placed can make them any other. The specific items were all proved: they consisted of the bills of this bank, and of the other banks, and of gold and silver coin, in the several sums, and to the gross amount stated in the book, which were in Webb's hands on the commencement of that day. How then is it possible, in the nature of things, to give evidence of any other items — imperishable and unchangeable truth forbids it. If any proof of the particular credits were necessary, it could only be when denied by the plaintiff, and then *409 it would be incumbent on the defendant. But, of what these credits consisted, there is no manner of doubt. The teller did not make up his accounts on the day of his dismissal, and the credits, no doubt, consisted of one or both of the following particulars: viz. a balance of moneys paid him in the transactions of the day beyond the receipts of the day, and of the money in his till when he was suspended.
EaXiloni form a part oí the res gesta, An agent has no authority to bind
The acknowledgment of the defendant, after his dismissal was, in my opinion, very properly rejected. The defendant agreed to be bound by the acts of Webb in the discharge of his duties as teller, and, therefore, his acts while teller were evidence to bind him; but this acknowledgment was not in his character as teller, and therefore did not bind him. No analogy can be stronger than that between an agent and principal and the parties in this case. The agent has authority to bind the principal, while acting as agent, by his acts, but never by his declarations, except as they torm a part ox the res A - A gestee. This they cannot be, after the agent has ceased to act under the authoi’ity of the principal. This doctrine has been very fully and clearly settled. (Phillips on Evidence, 74,75,76; 4 Taunton’s Reports, 511, 51$, 663.) On the point of the admissibility of this acknowledgment, there is a diversity of opinion among the members of the bench. My brothers JYott and *410 Colcock concur with me. My brothers. Bay and Johnson are of a different opinion.
Prioleau, for the motion,
Richardson, contra.
On the first ground, then, I am of opinion a. new trial ought to be granted.
Bay, Nott, and Johnson, J, concurred.
Colcock, J. dissented.